IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : Case No.: 7:22-CV-71 (WLS-TQL) |
| JUSTICE QUEEN AL-AMEEN, | : |
| | : |
|     Defendant. | : |
| _____ | : |

**ORDER**

On July 25, 2022, Defendant, Justice Queen Al-Ameen, filed a Notice of Removal (Doc. 1) in this Court. Therein, Defendant noticed the Court that she wanted to remove a pending Lowndes County, State Superior Court criminal action, in which she is the Defendant, to Federal Court on Constitutional grounds. (*Id.*) The grounds, Defendant contends make this action removable is that Superior Court Judge, James L Prine, ruled on Defendant's motions to change venue to the northern U.S. district of Georgia Courts, in the absence of Defendant.[1] (*Id.*) Accordingly, it is Defendant's position that Defendant was denied the constitutional right to contest a trial matter in person.

---

[1] The Court notes for the purposes of the record that Defendant is proceeding pro-se in the State Court criminal action and is being charged with obstruction of a law enforcement officer. (Doc. 1.) In addition, Defendant appears to have filed a citizen's complaint against the arresting officers, alleging excessive force, which was determined to be unfounded by the Valdosta Police Department, as well as other civil damages claims. (*Id.*) The Court notes these facts for the purposes of the record, as it is unclear from Defendant's Notice of Removal (Doc. 1) whether she wishes to remove her civil complaint (the Court notes for the purposes of the record that Defendant did not show that she filed a Complaint in any court, but rather filed a complaint directly with the police agency) against the arresting officers, or the state criminal proceedings. In either event, however, the result is the same, as this Court is required to abstain from reaching the merits of Defendant's claims pursuant to the *Younger* abstention doctrine.

At this time, this Court is unable to grant Defendant the relief that she seeks and accordingly this matter is **REMANDED** to the Lowndes County, State Superior Court. This Court is unable to grant Defendant relief, as any decision by this Court with respect to Defendant's alleged constitutional violations would violate the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts are required to abstain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable harm. *Id.*, at 53. Accordingly, federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interest; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. *See Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

In the present case, Defendant's state criminal proceedings are pending and therefore any decision by this Court with respect to Defendant's constitutional claims would substantially interfere with, and perhaps undermine, the decisions reached by the state court in those proceedings. *See Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008). Furthermore, Defendant's state criminal proceedings implicate an important state interest. *See Juidice v. Vail*, 430 U.S. 327, 335 (1997) (recognizing the important state interest in the enforcement of its own laws). Defendant can also raise the Constitutional claims, of which she now complains in those state court proceedings. Accordingly, this Court finds that the *Younger* abstention doctrine applies in the present case. Furthermore, it does not appear that Defendant has filed any civil proceeding in State Court that is subject to removal.

The Court also notes for the purposes of the record, that Defendant has also failed to allege sufficient facts to demonstrate that an exception to the *Younger* abstention doctrine applies. An exception to the *Younger* abstention doctrine applies when "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, F.3d 1258, 1263 n.6 (11th Cir. 2004).

In the present case there is no evidence that the state proceedings are motivated by bad faith, that irreparable injury may occur, and that there is no adequate state forum in which Defendant's constitutional issues can be raised. Accordingly, this Court finds that no exception to the *Younger* abstention doctrine exists at this time in this case.

## CONCLUSION

In conclusion, as the *Younger* abstention doctrine precludes this Court from reaching the merits of Defendant's Notice of Removal (Doc. 1), this matter is **REMANDED** to the Lowndes County, Superior Court.

**SO ORDERED**, this 29th day of July 2022.

>	/s/ W. Louis Sands
>	**W. LOUIS SANDS, SR. JUDGE**
>	**UNITED STATES DISTRICT COURT**